UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

November 13, 2019

LETTER TO COUNSEL

      RE:    *Jackie W. v. Commissioner, Social Security Administration*;
               Civil No. DLB-18-3883

Dear Counsel:

On December 17, 2018, Plaintiff Jackie W. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 11, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

After previous denials, Plaintiff protectively filed his claim for benefits on May 14, 2015, alleging an onset date of October 1, 2010.[1] Tr. 237. His claim was denied initially and on reconsideration. Tr. 128-30, 138-40. A hearing was held on April 17, 2017, before an Administrative Law Judge ("ALJ"). Tr. 16-43. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 109-20. The Appeals Council ("AC") issued an unfavorable decision on October 26, 2018, adopting the ALJ's opinion in all critical respects and reevaluating Plaintiff's neurocognitive impairment under the appropriate Listing. Tr. 4-8. Accordingly, the AC's decision, and the ALJ's opinion as adopted therein, constitutes the final, reviewable decision of the agency.

The AC found that Plaintiff suffered from the severe impairments of "depression and neurocognitive disorder." Tr. 5. Despite these impairments, the AC determined that Plaintiff retained the residual functional capacity ("RFC") to:

---

[1] Plaintiff subsequently amended his alleged onset date to May 14, 2015. Tr. 252. Plaintiff's first application for SSI (filed in 2008) was denied at the administrative level and this Court affirmed that denial 2013. Tr. 60-63. Plaintiff's second application for SSI (filed in 2010) was also denied at the administrative level, Tr. 47-59, and Plaintiff did not seek judicial review.

> perform a full range of work at all exertional levels but with the following non exertional limitations: the claimant is limited to simple, routine, and repetitive work. He may have only occasional interaction with supervisors, coworkers, and the public and cannot provide direct customer service. The claimant may not perform any fast-paced production work.

Tr. 7. The AC adopted the ALJ's steps four and five findings, reached after considering the testimony of a vocational expert ("VE"), that Plaintiff could not perform past relevant work as a quality control chemist, but could perform other jobs existing in the national economy. Tr. 6, 118-19. Therefore, the AC concluded that Plaintiff was not disabled. Tr. 7.

Plaintiff makes two primary arguments on appeal: (1) that the AC and the ALJ erroneously failed to discuss the medical opinions of Drs. Collins and Coleman; and (2) that the hypothetical posed to the VE was flawed and ran afoul of *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019). Neither argument has merit for the reasons below.

First, Plaintiff argues that the ALJ and the AC should have considered a 2010 opinion from Dr. Coleman, and a 2012 opinion from Dr. Collins. ECF 11-1 at 7-8. These medical opinions preceded the relevant time period of May 14, 2015 (Plaintiff's alleged onset date) through June 7, 2017 (date of the ALJ's decision), and, therefore, the AC and ALJ permissibly omitted them from their decisions. The AC adopted the ALJ's consideration of the relevant medical evidence of record, including Dr. Coleman's treatment records from 2014 to 2017, and the opinions of consultative examiner, Dr. Langlieb, and psychological evaluator, Dr. Anderson. Tr. 6, 115-17. Furthermore, Plaintiff has not shown how the outcome would have been different had the AC and ALJ considered the opinions.[2]

Plaintiff further asserts that the AC "made no findings on any medical opinions." ECF 11-1 at 8. However, the AC expressly "adopt[ed] the [ALJ's] consideration of medical source and non-medical source opinion evidence." Tr. 6. Plaintiff argues that the AC was required to support its reevaluation of Plaintiff's mental impairments under the revised "paragraph B criteria"[3] with medical support, but the AC did not reevaluate Plaintiff's mental impairments. The AC granted review in this case to evaluate Plaintiff's neurocognitive disorder under Listing 12.02 rather than Listing 12.05, and to remove references to outdated Social Security Rulings,

---

[2] Both opinions were considered by ALJs in Plaintiff's previous Social Security applications. This Court reviewed the 2013 ALJ's rejection of Dr. Coleman's check-box RFC assessment form and determined that the ALJ's determination was reasonable because "[t]he ALJ found no treatment notes to support Dr. Coleman's assessment of extreme or complete restrictions in [Plaintiff's] cognitive and social capabilities." Tr. 62. Similarly, the 2014 ALJ found Dr. Collins's opinion to be inconsistent with the record as a whole and "entirely inconsistent with the entirety of Dr. Collins's own evaluation, which indicates that the claimant is fully capable of basic work despite . . . vocational adversities." Tr. 72-74.

[3] The revised medical listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 became effective on January 17, 2017, and apply to decisions made on or after that date. 81 Fed. Reg. 66138 n.1 (Sept. 26, 2016).

Tr. 5, neither of which Plaintiff contests. Because the ALJ evaluated Plaintiff's mental impairments under the revised paragraph B criteria, Tr. 113, the AC did not err by adopting her paragraph B findings, Tr. 6.

Second, Plaintiff argues that the SSA did not meet its step five burden because (1) the ALJ's inclusion of the term "production rate" does not account for Plaintiff's moderate limitations in concentration, persistence, or pace, and (2) the VE's proffered representative jobs all require a Reasoning Level of 2 whereas the RFC limited Plaintiff to "simple, routine, and repetitive work." ECF 11-1 at 10-11. These arguments are unpersuasive.

Plaintiff argues that the ALJ's hypothetical to the VE did not adequately account for his moderate limitations in concentration, persistence, and pace, and suggests that the ALJ erroneously relied on the VE's testimony as substantial evidence. ECF 11-1 at 10-11. For support, Plaintiff cites to *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), in which the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" frustrated appellate review of whether the RFC properly accounted for the plaintiff's moderate limitations in concentration, persistence, or pace. *Id.* at 312-13; *see also Perry v. Berryhill*, 765 F. App'x 869, 873 (4th Cir. 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). This case does not run afoul of *Thomas*.

As way of background, at step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c) (2017).

In *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit remanded because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the AC adopted the ALJ's paragraph B analysis, including her finding that Plaintiff had a moderate limitation in concentration, persistence, or pace. Tr. 6, 113. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations. The claimant reports that being around groups of people bothers his concentration.

Tr. 113. For support, the ALJ cited to Plaintiff's hearing testimony. *Id.*; Tr. 26 ("When I'm with a group of people, I can't - - I get frustrated. . . . Just - - it bothers my concentration. I can't stay focused."). Although Plaintiff contends that the ALJ's analysis is too brief, the ALJ discussed Plaintiff's concentration throughout her decision. First, the ALJ acknowledged that Plaintiff "report[ed] that he cannot stay focused or concentrate." Tr. 114. However, the ALJ permissibly found that Plaintiff's allegations were not entirely consistent with the record. Tr. 115. For support, the ALJ cited to Plaintiff's 2014 - 2017 treatment records from his treating psychiatrist, Dr. Coleman, who consistently noted that Plaintiff's "attention and concentration were normal." *Id.*; *see, e.g.*, Tr. 384, 390, 421, 433, 441, 452. The ALJ also noted that Plaintiff's concentration and attention appeared normal and intact during his psychological consultation with Dr. Langlieb. Tr. 116 (further noting that Plaintiff "scored 3/3 on concentration and memory testing," and that "despite the claimant's alcohol and drug use, his substance abuse did not appear to be affecting his concentration, attention, or memory."). The ALJ permissibly gave "little weight" to Dr. Anderson's consultative evaluation opinion that Plaintiff had concentration and memory problems because it was inconsistent with Plaintiff's treatment records. Tr. 117 (also noting that Dr. Anderson "attribute[d] [Plaintiff's intellectual] decline to possibly alcohol-induced dementia, but again, this alcohol-induced dementia diagnosis is not consistent with the many years of the claimant demonstrating normal attention, concentration, and memory.").

After making a finding that Plaintiff had a moderate limitation in concentration, persistence, or pace, the AC limited him to "simple, routine, and repetitive work" and precluded him from "perform[ing] any fast-paced production work." Tr. 7, 114. Contrary to Plaintiff's contention, *Thomas* does not require remand here because the ALJ provided sufficient explanation in her hypothetical to the VE:

> Assume a person who is advanced age during the period at issue, and also assume that they have the past work that you classified and they have education - - four or more years of college, and also assume that the person could perform, simple, routine, repetitive work. They could have occasional interaction with supervisors, coworkers, and the public, but they could not perform customer service. And they could not perform work that would require fast-productivity goals, like - - like assembly-line work.

Tr. 39. While the ALJ did not include the term "assembly-line work" in her RFC, her inclusion of the term in the hypothetical provides enough clarity for this Court's review. *See Thomas*, 916 F.3d at 312 (noting that the ALJ "did not give [the Court] enough information to understand what [the production rate or demand pace] terms mean[t]"). As the Commissioner points out, "[a]ny particular limitation may – or may not be – appropriate and sufficient if the evidence supports it and it is well explained." ECF 14-1 at 15 (citing *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017)). Here, the ALJ found that Plaintiff had a moderate limitation in concentration, persistence, or pace based on his testimony, Tr. 113, heard from Plaintiff how his limitation affected his work, Tr. 28 (testifying about quitting his job at Papa John's: "I couldn't keep up with the computer system. It was just too much. There were too many pizzas coming at you fast. . . . I couldn't keep up."), and included a prohibition to assembly-line work in her hypothetical to the VE, Tr. 39. Therefore, considering the ALJ's hypothetical to the VE, the RFC adequately accounted for Plaintiff's limitation in concentration, persistence, or pace.

Lastly, Plaintiff argues that the RFC limitation to "simple, routine, and repetitive tasks" is inconsistent with the required Reasoning Level for the jobs identified by the VE. The ALJ is required to address any conflicts or apparent conflicts between the VE's testimony and the information contained in the Dictionary of Occupational Titles ("DOT"). *See Pearson v. Colvin*, 810 F.3d 204, 208-10 (4th Cir. 2015); *see also* SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A Dec. 4, 2000) ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.").

The VE identified three jobs when the ALJ posed the hypothetical to the VE: janitor (DOT code 358.687-010), dishwasher (DOT code 318.687-010), and hospital cleaner (DOT code 323.687-010). Tr. 39-40. According to the DOT, all three jobs require a Reasoning Level of 2. U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 318.687-010, 323.687-010, 358.687-010 (4th ed. 1991). A Reasoning Level of 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with

problems involving a few concrete variables in or from standardized situations." *Id.* DOT, App'x C, 1991 WL 688702.[4]

While the Fourth Circuit has found that an apparent conflict exists between a limitation to "short, simple instructions" and a Reasoning Level of 2, *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019), the Court recently held that there is not an apparent conflict between "simple, routine repetitive tasks of unskilled work" and a Reasoning Level of 2, *Lawrence v. Saul*, No.18-1112, __ F.3d __, 2019 WL 5445048, at *3 (4th Cir. Oct. 24, 2019). "To assess whether an apparent conflict exists, [the court] compare[s] the DOT's 'express language' with the [VE]'s testimony." *Id.* (quoting *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)). The Fourth Circuit explained that, in *Thomas*, the RFC included a limitation to "short" instructions, and "'[s]hort' is inconsistent with 'detailed.'" *Id.* In *Lawrence*, the limitation to "simple" tasks [was] not inconsistent with the ability to apply and understand "detailed but uninvolved . . . instructions." *Id.*

Here, the ALJ inquired whether the VE's testimony was consistent with the DOT. Tr. 42. The VE responded in the affirmative, noting that, because the DOT does not address all aspects of his testimony, including production rates and persistence and pace, those aspects of his testimony were based on his education, training, and experience. *Id.* The VE additionally testified that the representative jobs he proffered were all unskilled, the nature of which is "simple, repetitive, short cycle, repeating the same tasks over and over." Tr. 41. As *Lawrence* makes clear, there was not an apparent conflict between Plaintiff's limitation to "simple, routine, and repetitive tasks" and the Reasoning Level 2 jobs identified by the VE. Therefore, the VE's testimony is substantial evidence for the ALJ's step five finding, and the AC did not err in adopting it. *See* Tr. 6.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 11, is DENIED, and Defendant's Motion for Summary Judgment, ECF 14, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

[4] A Reasoning Level of 3 requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.*